# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Amida Anaya, | Case No. 2:19-cv-00867-JAD-BNW |
| Plaintiff | |
| v. | **Order Adopting Report and Recommendation, Denying Motion for Summary Judgment as Moot, and Dismissing Case** |
| Costco Wholesale Corporation, | |
| Defendant | |
| | [ECF Nos. 23, 27] |

In this removed personal-injury action, plaintiff Amida Anaya sues Costco Wholesale Corporation for injuries she claims she sustained during a slip-and-fall accident at Costco's Henderson, Nevada, store.[1] After Anaya's counsel withdrew, the magistrate judge ordered Anaya to file a notice stating whether she intends to represent herself.[2] When she failed to do so, the magistrate judge ordered Anaya to show cause why sanctions should not be imposed for her failure to comply with the court's order.[3] Anaya was instructed that her failure to respond to that show-cause order by March 13, 2020, would result in a recommendation that this case be dismissed for failure to prosecute.[4] Again, Anaya filed nothing. So, the magistrate judge now recommends that I dismiss this action for failure to prosecute and deny the defendant's pending motion for summary judgment as moot.[5] The deadline to object to that recommendation passed

---

[1] ECF No. 1-1.
[2] ECF No. 21.
[3] ECF No. 26.
[4] *Id*. at 2.
[5] ECF No. 27.

without objection or any request to extend the deadline to file one. "[N]o review is required of a magistrate judge's report and recommendation unless objections are filed."[6]

A court may dismiss an action based on a party's failure to prosecute her case or obey a court order.[7] In determining whether to dismiss an action on one of these grounds, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[8]

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.[9] A court's warning to a party that its failure to obey the court's order will result in dismissal satisfies the fifth factor's "consideration of alternatives" requirement,[10] and

---

[6] *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

[7] *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

[8] *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423–24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260–61; *Ghazali*, 46 F.3d at 53.

[9] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[10] *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132–33; *Henderson*, 779 F.2d at 1424.

that warning was given here.[11]  The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

Accordingly, IT IS HEREBY ORDERED that the magistrate judge's report and recommendation **[ECF No. 27] is ADOPTED** in full;

IT IS FURTHER ORDERED that this case is DISMISSED without prejudice for failure to prosecute;

IT IS FURTHER ORDERED that the Defendant's Motion for Summary Judgment **[ECF No. 23] is DENIED** as moot.

The Clerk of Court is directed to ENTER JUDGMENT ACCORDINGLY and CLOSE THIS CASE.

Dated: April 13, 2020

_____
U.S. District Judge Jennifer A. Dorsey

---

[11] ECF No. 26.

IT IS FURTHER ORDERED THAT **this case is dismissed**. The Clerk of Court is directed to ENTER JUDGMENT ACCORDINGLY and CLOSE THIS CASE.

Dated: April 13, 2020

_____
U.S. District Judge Jennifer A. Dorsey